I don't expect to use my 10 minutes at all, so I'll save whatever's left for rebuttal. I know the Court has read the brief, so I'm going to try not to repeat anything. The messiest issue in the brief was the sentencing issue, and the government has conceded on that. So this case will be going back to resentencing no matter what happens. The other two issues, I only want to address the jury instruction issue, which was the second issue in the brief. It was a trial on the superseding indictment, which alleged that the Mr. Johnson possessed a gun. Let me ask you this about that question. Didn't the jury necessarily find that he possessed ammunition when it found that he possessed a gun? As to that part, if they found he possessed a gun, wouldn't they also have found he possessed the ammunition, since the gun had whatever, 30 rounds? They would have found that he possessed 30 rounds in the gun. Yes. But the indictment charges that he possessed a gun and 41 rounds of ammunition. Okay. So you think that it would be reversible if they found that he possessed 30 rounds rather than 41? If so, he was convicted of something that he wasn't charged with in the indictment. He wasn't he the indictment specifically says 41 rounds of ammunition. Suppose they found that he possessed 40 rounds. Somebody had miscounted when they did the indictment. Would that be reversible? Well, under the facts of this case, yes. And I can see in many cases this wouldn't make any difference, because you found the gun, you found the ammunition in the same place. But you had a gun in one part of the house, you had a jacket with ammunition in another part of the house, and the defense to the gun was one defense, and the defense to the ammunition in the jacket was a completely separate and different defense. So that's why it's important in this case that you get it right, that you have the gun and the ammunition, because otherwise the jury can go back there and say, well, half of them could say, well, we believe he had the gun, and the other half could say, well, we believe the defense on the gun, but we believe he had the 11 bullets in the jacket. We think that story made no sense at all. So we're going to convict him for the 11 rounds in the jacket, and we're going to – these other six are going to convict him for the gun. You don't have 12 jurors agreeing on any one thing. And it's because of the unique facts of this case that you have this problem. I admit, in a typical case, you find the gun and the ammunition in the same place. What's the dispute? So the only reason there would be a basis for reversal is if it seemed that the jury might have found him guilty, or some of the juries might have voted to find him guilty because of the coat in the closet, not because of the gun. Right. That's entirely possible, because the jury instruction said and, or. So some of the jurors could have done one thing, some of the jurors could have done something different. They were never instructed that you have to be unanimous, you have to agree that either he possessed the gun or he possessed the ammunition. You can't split it up and go both ways. If the judge had given that instruction, that would have been fine. I want to point out in the first trial, there was two trials here. The first trial, he did instruct them as to and. He said you have to find the gun and the ammunition. And there was a mistrial in that trial. There was a hung jury. And I know Judge Hunt. I don't quite understand why he suddenly decided to change the jury instructions after the first trial. When he had a perfectly fine jury instruction in the first trial, went through, the jury didn't seem to have any problems. They acquitted him on some counts, they hung on the other counts. He goes back to the second trial, and all of a sudden Judge Hunt's changing the jury instructions, and defense counsel picked it up immediately and objected to it. And he said, Judge, this isn't how you instructed in the first trial. Why are you changing the jury instructions now? And they argued about jury confusion. The defense counsel argued, said, Judge, this is going to be confusing to the jury. Why do you want to change these instructions now? Was there any objection to the form of the verdict? They discussed that when they were discussing this very issue, because the judge said, well, the jury, the verdict form cures it. The verdict form doesn't cure it, because it just says, and ammunition. It doesn't get to the whole problem that you had the bullets in two different places. If the verdict form said, we find that the defendant possessed the gun and 41 rounds of ammunition, which would include both what was in the gun and in the jacket, that would have cured it. But the verdict form didn't say that. It just said, and ammunition. So they could have been thinking just what's in the gun or just what's in the jacket. Again, he didn't clear up the problem. And that's my contention. The way I raised it in the brief is we don't know what the jury did. And you have the clear case of prejudice is that in the first trial, when he did instruct them, and, they hung. They couldn't agree, even though they agreed on every other count. You come to the second trial, he changes it to and, or, and they convict. And the trials were essentially identical. So that's the only explanation that I would offer, is that the change in the wording of the jury instructions. That's the gist of my argument. It's not rocket science. Your argument would be the same if the jury instruction were and, wouldn't it? Not if it was and. No. If it's and, if it's clearly and, if the jury says you must find no, you're right. It would be, it should have been and the ammunition in the the jury would have to be specific that it's the ammunition in the in the jacket. You cannot just. But the and, or doesn't cause the problem. And, or, or, and, you have your same problem. That's that's correct. The jury instruction is defective either way. So what you're asking for is that the jury should have been told that they had to agree unanimously in either one or the other. One or the other. It was the it was the gun and the ammunition in the gun or it was the gun and the ammunition in the. Those are the facts. You wanted a unanimity instruction. You wanted a unanimity instruction. Correct. Now, nobody asked for one, right? I wanted them to, well, they didn't use that exact word, but. Not exact word. They didn't tell the jury you have to be unanimous as to the jacket or as to the gun, whichever you find them guilty of. You have to be unanimous as to that particular set of facts. That's right. Nobody asked for that instruction. Well, he did. He did. The defense counsel, when they were discussing this whole issue, it's over three pages of the transcript. It's in the government's brief. I have it here. It's in the supplemental exceded record. It's paged, and if I could get my reading glasses on, I can tell you. Was there an instruction submitted on unanimity? No. They argued about this. They argued, and defense counsel clearly said, look, Judge, we got a situation here where they're going to be confused. They're going to be confused about what they have to find. And he specifically said some of them are going to find on the jacket and some of them are going to find on the gun, and you've got to clear this up. Had you been given a copy of the jury instructions before the jury was instructed? I was not trial counsel. Well, did it? I don't know the answer. Was trial counsel given a copy? I really don't know the answer to that question. Generally, they are, aren't they? Generally, I can – from the transcript, I would imagine they were, because they were arguing about proposed instruction number 10, proposed instruction number 11. Well, then you would imagine correctly it would seem. The answer would be yes. And they were arguing about this exact same point. And the judge didn't see any problem with it at all. And defense counsel was concerned about this exact problem. He kept saying, you're going to have a split. We're not going to know what the jury did if you do it this way. And the judge simply said, I don't think that's an issue. He says, I don't think there will be any confusion at all. I think that's what his exact words. Who submitted the jury instructions? The government? I would guess that it was the government, by the way, just based upon the conversation in the transcript. But I can't say that for sure, and I don't think that any proposed jury instructions in the excerpt to records. Kennedy, whether or not the court received the instructions on its own or what's the general system back there? I don't know. I am not from that district, so I'm not really sure. I am familiar with Judge Hunt. He usually asks for proposed jury instructions before the case even starts as part of the pretrial preparations, usually about 10 days before trial. Both sides will submit proposed instructions. And I can only assume that happened in this case, because they talk about proposed instructions during the trial. All right. Thank you. Thank you. Good morning. Gregory Dam on behalf of the United States. In response to your question about the jury instructions, I'm sure the United States submitted the proposed jury instructions as we generally do. The defense counsel are then certainly free to submit any proposed jury instructions that they may have. You concede that the jury instruction was incorrect? No, not at all. The statute bases criminal liability on possession of a firearm or ammunition. What happened in this case, I think, is actually the government was put to a greater burden than was necessary. The indictment charged in the conjunctive that he possessed the firearm and the ammunition. It's entirely permissible to charge in the conjunctive and then instruct the jury in the disjunctive, which is what happened in this case. If there was any error in this case, the error was in the form of the verdict, not in the form of the jury instructions. Even assuming that there was some error in the verdict. So I can understand your explanation of the instructions. Was the jury told they could convict him either of having the ammunition and the jacket or having the gun and the ammunition, that either one was an offense? They were instructed that they can – that they could convict him if he possessed either the firearm or the ammunition and didn't distinguish. The ammunition, in my opinion, is superfluous to this whole argument. It's superfluous, except the jury was told. I mean, you tried to prove that jacket was his, right? Exactly. But we can – And suppose four jurors thought, yes, that jacket was his, but not the gun. And eight jurors thought the gun was his, but not the jacket. That – the verdict doesn't read that way. The verdict reads that they found him guilty of possessing the gun and ammunition. Well, I know, but if you possess the gun, you have to possess the ammunition. Absolutely. But not – but that's – that's – Who cares about the ammunition? But you said the problem was with the jury form. Well, if counsel had wanted some specificity, he could have asked for a special verdict. He could have asked for, do you find him guilty of possessing the gun, do you find him guilty of possessing the ammunition in the gun, and do you find him guilty of possessing the ammunition and the jacket in the closet? Any one of those would have supported the guilty verdict. But the verdict that was returned was that they found him guilty of possessing the gun and the ammunition. So they necessarily had to be unanimous with respect to the gun. So who – who cares about the ammunition? The gun is sufficient to support the – the verdict of guilty. And as you point out, I mean, if they find him guilty of possessing the gun, they necessarily would have, in my opinion, would have had to have found that he possessed the ammunition in the gun. But really, I think that the ammunition issue is a red herring. That – well, it may be correct that the verdict eliminated the prejudice, but it certainly is – I don't know why prosecution continues to take risks like this all the time. You have a nice, simple case about the gun, and then you tell – let a jury think, well, if you find it's his jacket, you can convict him, and you create a whole problem. I couldn't agree with you more. It's been troubling to me to try and sort this whole mess out. But I think if you look at it logically – That you may have been saved by the – by the verdict for him, from the government's errors in prosecuting the case. Exactly. You know, the flip side of the coin is, as counsel points out, it seems to be that he suggests that we should have charged the gun and the ammunition it contains separately from the ammunition in the closet. Had we done that, I suppose we would have been charged of a duplicious or multiplicious indictment. No, but jurors should know what they have to find in order to find somebody guilty. And if some jurors think, from listening to the instruction, well, if I think it's his jacket, I can find him guilty, and the other jurors think, well, if I think it's the gun, I can find him guilty, and they don't agree, there hasn't been a fair verdict. I couldn't agree more. But if you look at the facts in this case and you look at the verdict form, the jurors all agree – If you leave the verdict form out of it, when the instructions were finished and the jury was told what to do, you had invited a serious problem. No, I don't think so at all. The instructions – You don't think that some of the jurors could have listened to those instructions and said, if we find the jacket, and I think that he had that jacket, and other jurors could have said, I think he had the gun. Absolutely. And with that, except for the form, they would have walked out of that with the instructions, thinking they could come back with a verdict even though they disagreed on what the act was. Absolutely, but you can't ignore the form. No, well, my question to you was, don't you think that after the trial and after the trial and after the trial and after the trial and after the trial, that there was no requirement that the government prove him guilty of possessing the gun, the ammunition in the gun, and the ammunition in the jacket? Well, then I think you're probably not going to learn for the next time if you don't agree with that. That's the law. So the next time – If there was – The law is that if you have two possible reasons for a verdict, two possible acts, you're supposed to tell the jury that they should agree on which it is. Absolutely. And the way you tell them that is that you have a special verdict form that allows us to know exactly what they determined. That's not how you tell them what they're supposed to do. Well, they're supposed to tell them what to do in the instruction. Well, it seems to me that – But it could have been an unanimity instruction here. Well, there's always a unanimity instruction. That was a little more specific here. Absolutely. But nobody apparently – nobody apparently requested unanimity. That's correct. This was not the cleanest case by any means, but – They had two times – the government had two chances. My goodness. And it wasn't a very complicated case. Well, certainly it wasn't. But the jury unambiguously found that he possessed the gun. Now, whether or not – and I think it's illogical to assume that some jurors found that he possessed the ammunition in the gun and some thought that he possessed the gun in the jacket in the closet. That, to me, really makes no difference. If the jurors were unanimous, as the verdict form indicates, that he possessed the gun, that's sufficient to support the verdict. The problem is, we sit here time after time after time in panels, and we've got a jury that's been in the room for a long time, and we've got a jury that's been in the room for a long time, and we've got a jury that's been in the room for a long time, and we resolve a lot of problems by harmless error rule. And that makes sense because there may have been error, but it certainly didn't affect anything. It didn't affect the administration of justice. The person would have been found guilty anyway because it's obvious that he was guilty. And those harmless error rules normally apply to the introduction of evidence or some statement, misstatement made by the prosecutor or some minor inconsequential thing. But here we have an error which is so fundamental to our jury system. And without the absolute, unwavering rules that we have conducting in conducting jury trials, this is a different problem. And it's very difficult for us to imagine that that is a harmless error rule. It's couched in that fashion, and I agree with the principle of unanimity. But when you look at the facts of this case, there was no unanimity problem. The jurors unambiguously said that the error was the instruction. No, the error was not the instruction. It's an and-or. The and-or is entirely permissible. If the jury is told that you have to agree on which it was. Correct. They weren't told that, admittedly, but they reflected their findings. To all Judge Ferguson has said to you, which you should be agreeing with instead of disagreeing with, is that the instructions were inadequate. They did not solve the basic constitutional problem. And your answer to that is, well, the verdict solved it because they had to have found that he possessed a gun, the gun had ammunition in it, so they had to have a verdict that was correct, because the jurors all had to agree that he had the gun. But ammunition really is irrelevant in this case. Once you show that they all agreed that he possessed the gun, which they did. Yes. But that's a cure, if it is, to what is a serious problem in the way the jury was instructed. The defendants are entitled to a fair trial. They're not entitled to a perfect trial. Well, you know, I've heard that line before. I don't know that the government ever thinks anything is an error is something that's reversible. You know, that's not an excuse for all the errors. The thing that you can do is learn from errors and not repeat them. But in order to do that, you have to understand that there was a real error. There were two attorneys that participated in the trial of this case, one a very seasoned attorney, one a younger attorney. There was a seasoned attorney. So let's hope the younger attorney can learn. I guess it's old attorneys are not so amenable. I agree with Judge Ferguson that the unanimity instruction would have well been in order. But I don't think it would have been in order if there had been a special verdict form. Or if there had been a special verdict form, we, the jury, find the grounds. Scalia. See, the difficulty, the difficulty that you're putting this into, if we write an opinion affirming the conviction, if, see, that's going to be precedent for a lot of cases that says that, well, jury instructions which are in error are harmless. And I don't think the system can stand that. If it wasn't for the verdict form that where the jurors were unanimous with respect to the possession of the firearm, I would agree with you. I have a hard time understanding, given the facts of this case, where the defendant confessed to two probation officers that he possessed the firearm. A day or two later, he confessed again to an ATF agent that he possessed the firearm. The facts and circumstances surrounding the finding of the weapon in the home, coupled with the verdict form that was unanimous with respect to the gun, doesn't leave me with a feeling that there's been any injustice here. Well, you say there's harmless error. That's what you're saying. Yes. Really? Yes. And my whole discussion has to do with harmless error, whether or not we can say for posterity, hereon out, that even though an instruction was in error, the verdict form cured it. The verdict cured it. The jury's unanimity finding we don't know that. We do. The jury said that we find, and they were unanimous, that we find that he possessed the gun and ammunition. We can excise, in my opinion, the ammunition. Nobody cares about the ammunition. They found that he possessed the gun. That's sufficient under the statute. The government doesn't have to prove that he possessed every single bullet that may have been in that apartment somewhere. All right. Well, I think we've done our best, so thank you. Thank you. I just want to briefly leave the Court with this. The government has said several times, for instance, that the ammunition was irrelevant, it wasn't important. If you read the transcript, you'll see that that's not how it was tried. No, but what they say is once the jury unanimously found he possessed the gun, what difference does it make? What they decided about the ammunition. I understand the Court's legal question. I'm just saying, if you read the transcripts, what you'll see is when the case was tried, the parties thought the ammunition in the jacket pocket was extremely important. They spent, I would say, more than 50 percent of the trial talking about that. There was a defense to that. There was a rebuttal to that. Nobody at this trial thought that that ammunition in the jacket pocket was unimportant. And in his closing argument, defense counsel precisely said to the jury, it's conjunctive. You have to find both. That was his defense. And I wasn't the trial attorney, but it seemed to me he got completely undercut by that, by the jury's, by the jury instruction that we're arguing about, and he was very upset about that. He said that right on the record. It kind of skewed the way the whole case had been tried. And I think that's why they were so concerned about the jury instruction. So to say that it was irrelevant, you could forget about the jacket, I don't think anybody at trial perceived that. But what is your answer to what the government's basic defense comes down to is that the jury unanimously found he possessed the gun. Now, whatever they found about the ammunition, so what? Well, here's my response to that, and that's why I just brought this up. I don't think you can say the jury unanimously found the gun. Okay. Well, the form says that he possessed a gun and ammunition. All jurors said we find that he possessed a gun and ammunition. And what are you saying when you say they didn't say? I'm saying that there were the potential for jury confusion on that could have been very great. There was so much argument at the trial about the ammunition in the jacket. There was a defense. There was a rebuttal to simply say, oh, all the jurors just forgot about that ammunition. The jury form clearly shows that they all found that he possessed the gun, which included ammunition in it. We don't have to worry about that. The tone of the trial would not lead me to believe that that's what the jurors thought. Do you think jurors could have voted him guilty and signed that form if they didn't believe he possessed the gun? I can't answer that question. I don't know what jurors do. All I know is that the tone of this trial was very much focused on the ammunition in the jacket, and to think that they simply disregarded all that and just said, oh, well, he had the gun, that's enough. I don't think that that's what happened in this case. And I think when counsel argued in his closing argument that they have to find both the jacket and the gun, what does the jury think then? The jury said, oh, well, we don't have to listen to what he says. The jury in the jury verdict form says we can ignore that. I think there was a potential for jury confusion here, and I think that's what happened. Thank you. Thank you. The case just argued will be submitted. The next case on the calendar is United States v. Carnical. We're having timer issues here. May it please the Court, good morning. Jason Carr, appearing on behalf of Appellant Michael Carnical. It's taken us quite a while to reach this point. Mr. Carnical was sentenced back in May of 2002, and in some strong measure, this case is about the detour. During Carnical's original appeal, he raised a very vigorous claim that the government did not comply with our obligations under the three plea agreements. I filed an opening brief, and the government came to me and Mr. Carnical and proffered a resolution. The resolution was that they would file a Rule 35 motion.
judges: Ferguson, Reinhardt, Paez